# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JAMES HERMAN AVARA, #R8916**                                                 **PLAINTIFF**

**versus**                                     **CIVIL ACTION NO. 3:09-cv-387-DPJ-JCS**

**MIKE SMITH, et al.**                                                                     **DEFENDANTS**

## ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Avara is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named defendants are Mike Smith, Judge; Danny Smith, Assistant District Attorney; Gus Grable Sermos, attorney-at-law; the Mississippi Crime Laboratory; and John Does 1-20. Upon liberal review of the Complaint [1], Amended Complaint [10], and Response [14], the Court has reached the following conclusions.

## I. Background

In June 1999, Plaintiff was convicted of murder by the Circuit Court of Pike County, Mississippi. As a result, Plaintiff was sentenced to serve life imprisonment in the custody of the Mississippi Department of Corrections. In Plaintiff's Complaint [1], he asserts that his rights were violated under the First, Fifth, and Fourteenth Amendments of the United States Constitution, that he was subjected to malicious prosecution, and that these violations and malicious prosecution were an "obstruction of justice" that resulted in his personal injury.[1]

---

[1] On July 16, 2009, the Court entered an Order [6] directing Plaintiff to complete, sign and file a set of forms entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983." Plaintiff filed his Amended Complaint [10] on the required forms. Plaintiff's Amended Complaint also asserts the same four grounds for relief. Am. Compl. [10] at 4.

On August 17, 2009, this Court entered an Order [11] directing Plaintiff to file a written response to provide certain information regarding his conviction, and Plaintiff was ordered to specifically state how Defendants Mike Smith, Danny Smith, Sermos, and John Does violated his constitutional rights. On August 27, 2009, Plaintiff filed his Response [12], wherein he simply states that Mike Smith, Danny Smith, and Sermos violated his rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. Resp. [12] at 1.

On October 14, 2009, the Court entered an Order [13] directing Plaintiff to file a written response to specifically state if Defendant Sermos was his defense attorney during his 1999 prosecution for murder. Plaintiff filed his Response [14], affirming that Sermos was his defense attorney. It appears from this Response that Plaintiff is claiming the medical examiner's report, which ruled the victim in his case committed suicide, was not shown to him or to the jury.[2] Plaintiff claims that Mike Smith as the trial judge, Danny Smith as the prosecuting attorney, and Sermos as his defense attorney violated his constitutional rights by their failure to disclose this evidence to him and to the jury. Plaintiff has requested monetary damages as relief.

**II.    Analysis**

Title 28 U.S.C. § 1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim

---

[2]It appears from Plaintiff's filings with the Court of Appeals for the State of Mississippi, in case number 2006-CP-00813-COA, that Plaintiff claims he was not made aware of this evidence until June 2006.

based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

As explained below, Plaintiff cannot maintain this case pursuant to 42 U.S.C. § 1983 against the named Defendants. Judge Smith and District Attorney Smith have absolute immunity from this suit; Plaintiff fails to establish that attorney Sermos is a state actor for § 1983 purposes; the Mississippi Crime Laboratory is not amenable to suit; and Plaintiff fails to assert any allegations against the John Doe defendants.

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 474 U.S. 1101 (1986). Furthermore, absolute immunity extends to prosecutors who are performing prosecutorial acts.

3

*Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 227-28 (1988). Plaintiff does not provide any facts to establish that Judge Mike Smith and Assistant District Attorney Danny Smith were performing acts other than those directly related to presiding over or prosecuting the criminal case against Plaintiff. Accordingly, this § 1983 action for monetary damages cannot be maintained against Defendants Mike Smith and Danny Smith.

Turning to the remaining defendants, the Court notes that in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Thus, for Defendant Sermos to be liable under § 1983, he must have acted under color of state law, meaning he must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff's allegations indicate that Defendant Sermos is a private citizen, and even if Defendant Sermos was a court appointed attorney or a public defender who represented Plaintiff at his criminal trial, this fact alone does not establish that he is a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender is not a state actor for purposes of § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Plaintiff's allegations against

4

Defendant Sermos fail to establish that he "acted under color of state law" as required to maintain this action pursuant to § 1983.

Furthermore, neither the State of Mississippi nor its agencies are "amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." *Scott v. Miss. Dep't of Corr.*, No. 2:05cv2159KS-JMR, 2006 WL 1666258, *2 (S.D. Miss. June 12, 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). The Mississippi Crime Laboratory was established under statutory authority as an arm of the state and therefore is not considered a "person" under § 1983. *See State v. Blenden*, 748 So.2d 77, 86 (Miss. 1999) (finding Mississippi Crime Laboratory a state agency). As such, Plaintiff cannot maintain this action against the Mississippi Crime Laboratory.

Although Plaintiff was directed to specifically state how the John Doe defendants violated his constitutional rights, he has failed to assert any allegations against these defendants. *See* Order [11] at 1. The liberality applied to a *pro se* litigant's pleadings does not allow the Court "to conjure up unpled allegations." *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). Plaintiff is required to "allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiff has failed to allege any such conduct against the John Doe defendants.

### III.     Conclusion

As discussed above, Defendants Mike Smith and Danny Smith are immune from suit for monetary damages pursuant to § 1983. Therefore, Plaintiff's claims against these Defendants are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(iii). Plaintiff has failed to

establish that Defendant Sermos is a state actor as required under § 1983; the Mississippi Crime Laboratory is not a "person" that may be sued under § 1983; and Plaintiff has failed to assert any allegations against the John Doe defendants. As such, Plaintiff's claims against Defendants Sermos, Mississippi Crime Laboratory, and John Does are dismissed with prejudice for Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Since this case is dismissed pursuant to § 1915(e)(2)(ii) of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 21th day of December, 2009.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."